**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1472-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

COREY CAUTHEN,
a/k/a JAMES MARROW,

     Defendant-Appellant.

_____

Submitted October 7, 2021 – Decided October 20, 2021

Before Judges Alvarez and Haas.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 09-01-0006.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Mark Niedziela, Assistant Prosecutor, on the brief).

PER CURIAM

This post-conviction relief (PCR) case returns to us after remand proceedings directed by our previous opinion. See State v. Cauthen, No. A-2789-16 (App. Div. Apr. 27, 2018) (Cauthen II).[1] In that decision, we ordered the trial court to conduct "an evidentiary hearing on defendant's claim that [his] trial counsel rendered ineffective assistance by failing to investigate and call [Tanicia] Thompson as an alibi witness" at the trial. Id. at 5.

On remand, Judge Miguel de la Carrera held a hearing to address this issue. The State called defendant's trial attorney, Raymond Morasse, Esq. as a witness and defendant testified on his own behalf. At the conclusion of the hearing, Judge de la Carrera denied defendant's PCR petition and fully explained the basis for his ruling in a thorough written decision.

Defendant appeals from the December 5, 2018 order memorializing the judge's decision. We affirm.

As noted in Cauthen II, defendant submitted a certification[2] stating \ he was with Thompson in her apartment at the time of the shooting that resulted in

---

[1] We also incorporate herein the procedural history and facts set forth in our opinion on defendant's direct appeal. State v. Cauthen, No. A-0591-12 (App. Div. June 9, 2014) (Cauthen I), certif. denied, 220 N.J. 100 (2014), cert. denied, 577 U.S. 836 (2015).

[2] This certification is dated October 20, 2016.

the charges against defendant and his co-defendant, Asmar Bease, occurred. Id. at 2-3. Defendant alleged he told his "trial counsel about his alleged alibi, but counsel failed to interview Thompson or call her to testify at trial." Id. at 3.

At the evidentiary hearing, Morasse disputed the information defendant provided in his certification. Morasse testified he spoke to Thompson on at least two occasions about the claimed alibi. Both times, Thompson's accounts "didn't match up with what [Thompson] had told the police" when they interviewed her. Morasse also spoke to Thompson's friend, Kelly, but "[h]er account also did not corroborate Ms. Thompson's account in any way." A third individual, Delilah Bailey, also gave "somewhat contradictory" information concerning defendant's location at the time of the shooting.

Morasse testified he advised defendant Thompson was not a viable alibi witness and recommended not calling her at trial. Morasse explained that Thompson "was not a credible alibi witness and [he] was concerned that by calling her, [Morasse] would not only allow the State to very easily discredit her, but [he] would harm [defendant] by possibly causing" a prior recorded statement he gave to the police to be admitted at the trial.

Morasse was concerned that if Thompson testified contrary to what defendant told the police in his statement, the State would attempt to introduce

A-1472-19

defendant's statement to rebut her assertions. Morasse wanted to keep defendant's statement out of play because he knew it contained "very, very damning information and statements[,]" including defendant's admissions that he was a gang member, sold drugs on the day of the shooting, and had other charges pending against him. Therefore, Morasse made the tactical decision not to call Thompson as an alibi witness.

Defendant initially denied that Morasse ever spoke to him about not using Thompson as a witness. However, he later admitted he asked Morasse about Thompson and Bailey during a conference and that Morasse told him "they're not a good look, we're not going to call them."

Defendant also admitted that before claiming an alibi in his October 20, 2016 certification, he gave co-defendant Bease a certification to use in Bease's PCR proceeding.[3] In that certification, defendant alleged he shot the victim and that Bease had no role in the incident. When confronted with this inconsistency, defendant maintained both of his statements were true.

After observing both Morasse and defendant on the witness stand, Judge de la Carrera found Morasse's testimony "to be utterly credible in all important

_____

[3] This certification is dated October 21, 2015.

4

respects." On the other hand, the judge determined that defendant contradicted himself throughout his testimony and was "not . . . credible at all."

Accordingly, the judge ruled that defendant failed to satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient and that, but for the deficient performance, the result would have been different. Because Morasse adequately investigated defendant's claimed alibi defense, Judge de la Carrera found

> [t]here was nothing about trial counsel's efforts and performances on behalf of . . . defendant which this [c]ourt finds to have been objectively unreasonable or deficient nor does the [c]ourt find that . . . defendant established a reasonable probability that, but for [Morasse's] conduct of the trial, (or pre-trial proceedings) that the result in this trial would have been any different.

This appeal followed.

On appeal, defendant repeats the same contention he unsuccessfully raised before Judge de la Carrera and again argues that his "convictions must be reversed because trial counsel was ineffective for failing to investigate and call Tanicia Thompson as an alibi witness." This contention lacks merit.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he is entitled to the requested relief.

5

State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992).  To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obligated to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial.  Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 58 (1987). Under the first prong of this test, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Strickland, 466 U.S. at 687.

Under the second prong, the defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Ibid.  That is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Id. at 690.

A-1472-19

Moreover, the acts or omissions of counsel of which a defendant complains must amount to more than mere tactical strategy.  Id. at 689.  As the Supreme Court observed in Strickland:

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."
>
> [Ibid. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).]

Where, as here, the judge conducts an evidentiary hearing, we must uphold the judge's factual findings, "so long as those findings are supported by sufficient credible evidence in the record."  State v. Rockford, 213 N.J. 424, 440 (2013) (quoting State v. Robinson, 200 N.J. 1, 15 (2009)).  Additionally, we defer to a trial judge's findings that are "substantially influenced by [the trial judge's] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy."  Ibid. (alteration in original) (quoting Robinson, 200 N.J. at 15).

7

Having considered defendant's present contention in light of the record and these well-established principles, we discern no basis for disturbing Judge de la Carrera's determination that defendant failed to satisfy the <u>Strickland</u> test. Contrary to defendant's baseless assertions, credible evidence in the record demonstrates that Morasse fully investigated defendant's alibi and made a sound tactical decision not to call Thompson as a witness. Accordingly, we affirm the judge's denial of defendant's PCR petition substantially for the reasons detailed at length in his written decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1472-19